IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00926-RTG

NORGE CARRALERO SILVERA,

     Petitioner,

v.

FIELD OFFICE DIRECTOR, U.S. Immigration and Customs Enforcement, Denver Field
     Office, and
WARDEN, Aurora ICE Processing Center,

     Respondents.

---

**ORDER**

---

Petitioner is being held at an immigration detention facility in Aurora, Colorado. On March 5, 2026, Ashley Leyva submitted on Petitioner's behalf a pleading captioned "Emergency Petition for Writ of Habeas Corpus" (ECF No. 1) along with an "Emergency Motion for Immediate Release" (ECF No. 2) and an "Emergency Motion for Stay of Removal" (ECF No. 3). On March 6, 2026, the Court entered an Order to Cure Deficiencies (ECF No. 5). In that order, the Court directed Ashley Leyva to file an amended pleading using the District of Colorado Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form that satisfies the requirements for "next friend" standing. Alternatively, the Court directed Petitioner to cure the deficiencies by filing an amended pleading using the District of Colorado Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form that he signs himself.

On March 25, 2026, Ashley Leyva Pupo submitted on Petitioner's behalf a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 6), another amended pleading captioned "Petitions [sic] for Writ of Habeas Corpus Under 28 U.S.C. § 2241" (ECF No. 7), an "Emergency Motion for Temporary Restraining Order and Preliminary Injunction" (ECF No. 8), and an "Expedited Motion for Immediate Release" (ECF No. 9). Attached to the amended pleading captioned "Petitions [sic] for Writ of Habeas Corpus Under 28 U.S.C. § 2241" is an "Affidavit of Ashley Leyva Pupo as 'Next Friend'" (ECF No. 7 at p.12). Ahsley Leyva Pupo alleges in the affidavit that she has a significant and true relationship with Petitioner, who is her fiancé; she is an American citizen; she is bringing this action solely for Petitioner's benefit; and Petitioner is unable to prepare and file a petition on his own because of communication barriers, a lack of access to legal remedies, and his current detention.

The Court notes initially that Ashley Leyva Pupo has not submitted an amended pleading on the District of Colorado form. More importantly, she fails to satisfy the requirements for "next friend" standing.

"An application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. But "next friend" standing under § 2242 is not "granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). There are two requirements that must be met to have standing to litigate a habeas corpus action on behalf of another person under § 2242.

> First, a "next friend" must provide an adequate explanation - such as inaccessibility, mental incompetence, or other disability - why the real

party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate.

*Id*.

Here, even assuming Ashley Leyva Pupo is truly dedicated to the best interests of Petitioner, she fails to allege specific facts that demonstrate Petitioner is unable to sign and submit his own application. She does not identify any communication barriers, and the fact that Petitioner is being detained is not enough, by itself, to demonstrate Petitioner is unable to prosecute his own claims. Petitioner may obtain the proper form from the Court or from the facility in which he is being held. And the Court notes that numerous other detainees at the same facility have filed habeas corpus actions *pro se*.

For these reasons, Ashley Leyva Pupo may not prosecute this action as Petitioner's next friend. Petitioner will be given one more opportunity to cure the deficiencies by filing an amended pleading using the District of Colorado Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form that he signs himself. The "Emergency Petition for Writ of Habeas Corpus" (ECF No. 1), the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 6), and the amended pleading captioned "Petitions [sic] for Writ of Habeas Corpus Under 28 U.S.C. § 2241" (ECF No. 7) filed by Ashley Leyva Pupo will be stricken. The "Emergency Motion for Temporary Restraining Order and Preliminary Injunction" (ECF No. 8) and the "Expedited Motion for Immediate Release" (ECF No. 9) filed by Ashley Leyva Pupo will be denied.

Accordingly, it is

ORDERED that Petitioner shall have up to and including May 1, 2026, to cure the

3

deficiencies in this action by filing an amended pleading using the District of Colorado Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form that he signs himself. It is

FURTHER ORDERED that the Clerk of Court mail a copy of this order to Ashley Leyva Pupo at the following address: 2449 W. 72nd Pl., Hialeah, FL 33016. It is

FURTHER ORDERED the action will be dismissed without further notice if Petitioner fails to cure the deficiencies within the time allowed. It is

FURTHER ORDERED that the "Emergency Petition for Writ of Habeas Corpus" (ECF No. 1), the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 6), and the amended pleading captioned "Petitions [sic] for Writ of Habeas Corpus Under 28 U.S.C. § 2241" (ECF No. 7) filed by Ashley Leyva Pupo are STRICKEN. It is

FURTHER ORDERED that the "Emergency Motion for Temporary Restraining Order and Preliminary Injunction" (ECF No. 8) and the "Expedited Motion for Immediate Release" (ECF No. 9) filed by Ashley Leyva Pupo are denied.

DATED April 13, 2026.

BY THE COURT:

Richard T. Gurley

_____
Richard T. Gurley
United States Magistrate Judge