IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-00926-PAB

NORGE CARRALERO SILVERA,

     Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora Colorado, in his official capacity,
GEORGE VALDEZ,[1] Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement, in his official capacity,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity,
DAVID VENTURELLA,[2] Acting Director of Immigration and Customs Enforcement, in his official capacity, and
TODD BLANCHE, Acting Attorney General, U.S. Department of Justice, in his official capacity,

     Respondents.

---

**ORDER**

---

This matter comes before the Court on Petitioner's Motion to Remove Conditions of Release that are Inconsistent with this Court's Order and the Immigration Judge's Bond Order [Docket No. 23]. Respondents filed a response. Docket No. 26.

**I. BACKGROUND[3]**

Petitioner is a citizen of Cuba. Docket No. 1 at 2, ¶ 1. Petitioner fled Cuba in September 2023, after receiving repeated beatings at the hands of Cuban police and

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), George Valdez is automatically substituted as a party in this action.
[2] Pursuant to Federal Rule of Civil Procedure 25(d), David Venturella is automatically substituted as a party in this action.
[3] The following facts are undisputed unless otherwise noted.

security officials for his participation in demonstrations against the Cuban regime.  *Id.* at 6, ¶ 14.  He arrived at the Texas border on December 28, 2023 and surrendered to a Border Patrol agent shortly after crossing the Rio Grande.  *Id.*  He was released almost immediately on conditional parole, and removal proceedings were initiated.  *Id.*  Since his release, petitioner has not engaged in any criminal conduct, has appeared at immigration court in Miami for each scheduled hearing, has timely submitted an asylum application, has obtained a social security card, and was gainfully employed.  *Id.*

On November 14, 2025, petitioner attended a scheduled, routine immigration court hearing in Miami.  *Id.*, ¶ 15.  At that hearing, with no advance notice, the Department of Homeland Security ("DHS") moved to dismiss his pending removal proceedings for unknown reasons.  *Id.*  Upon dismissal of the removal proceedings, petitioner was taken into custody and was transferred from Miami to the Denver Contract Detention Facility in Aurora, Colorado.  *Id.*  After over a month of detention, DHS initiated new removal proceedings against petitioner on December 22, 2025.  *Id.*, ¶ 16.  On February 19, 2026, petitioner requested a bond hearing.  *Id.*  A bond hearing was held on February 25, 2026, wherein the immigration judge granted bond in the amount of $7,500.  *Id.* at 6-7, ¶¶ 16-17.  The day after the immigration judge set bond, Immigration and Customs Enforcement ("ICE") filed a Form E-43 invoking the automatic stay.  *Id.* at 7, ¶ 18.  Petitioner's family attempted to post bond on February 26, 2026 and March 11, 2026, but were unable to do so because of the automatic stay.  *Id.*

On March 5, 2026, petitioner, representing himself pro se, filed a petition for habeas corpus.  Docket No. 1.  Magistrate Judge Richard T. Gurley ordered petitioner to cure deficiencies in the petition.  Docket No. 5.  Petitioner filed another habeas

petition, Docket No. 6, which was also found to be deficient.  Docket No. 10.  On April 29, 2026, petitioner retained counsel, who entered an appearance.  Docket No. 11.  Petitioner, through counsel, filed an amended petition for habeas corpus.  Docket No. 12.  Petitioner brought claims that use of the automatic stay provision violated his procedural due process rights, his substantive due process rights, and the Administrative Procedure Act ("APA").  *Id.* at 21-24, ¶¶ 50-69.

On May 12, 2026, the Court granted petitioner's habeas petition and ordered that, upon posting the $7,500 bond set by the immigration judge, respondents shall immediately release petitioner from custody.  Docket No. 20 at 8.  On May 18, 2026, the parties filed a status report indicating that petitioner has been released from custody.  Docket No. 21 at 1.  On May 20, 2026, petitioner filed a motion seeking various forms of relief.  Docket No. 23.  On May 29, 2026, respondents filed a response.  Docket No. 26.

## II.  ANALYSIS

Petitioner requests that the Court grant three forms of relief: (1) enjoin respondents from imposing additional forms of custody or custody-like supervision, including 24/7 GPS monitoring, movement restrictions, or other alternatives to detention; (2) direct respondents to cancel petitioner's May 21, 2026 ICE check-in appointment; and (3) order respondents to return petitioner's Cuban passport.[4]  Docket No. 23 at 3.  Petitioner cites no caselaw in support of any of these requests.  *See generally id.*

---

[4] Petitioner titles his motion as being a "motion to remove conditions of release." Docket No. 23 at 1.  However, only petitioner's first request for relief is related to conditions of release.

The Court will deny each request for relief.  First, respondents claim, and petitioner does not refute, that respondents have not imposed any additional forms of custody.  Docket No. 26 at 5; Docket No. 26-1 at 3, ¶ 9.  And petitioner provides no reason to believe it is likely that respondents would do so.  "To secure issuance of injunctive relief, a plaintiff must demonstrate that there is a real danger that the act complained of actually will take place.  There must be more than a mere possibility or fear that the injury will occur."  *Ramsay v. Frontier, Inc.*, No. 19-cv-03544-CMA-NRN, 2020 WL 4557545, at *16 (D. Colo. July 30, 2020), *report and recommendation adopted*, 2021 WL 651021 (D. Colo. Feb. 19, 2021) (internal quotations and citation omitted).  Petitioner has not met this burden, so the Court will deny the request for injunctive relief.

Second, petitioner's request that the Court direct respondents to cancel a May 21, 2026 ICE check-in appointment, a request made just one day before the appointment was scheduled to take place, is moot.  But even if it was not moot, petitioner provides no authority indicating that ICE lacks lawful authority to direct noncitizens undergoing removal proceedings to attend periodic check-in appointments.  Thus, the Court will deny this relief.

Finally, petitioner does not cite any authority or provide any argument explaining why he is entitled to the return of his passport.  Notably, passports "ha[ve] consistently been regarded as the property of the Government."  *Lynd v. Rusk*, 389 F.2d 940, 948 (D.C. Cir. 1967).  And some courts have found that the government is entitled to retain possession of a noncitizen's passport while the noncitizen is undergoing removal proceedings.  *See United States v. Al-Nigrish*, 2019 WL 1271037, at *2 (E.D. Mich. Jan.

4

29, 2019), *report and recommendation adopted in part*, 2019 WL 1255489 (E.D. Mich. Mar. 19, 2019) ("The government may properly maintain possession of his passport until the completion of removal proceedings. Once those proceedings are concluded, Defendant is entitled to the return of his passport."); *Thye v. United States*, 1996 WL 575941 (E.D.N.Y. Oct. 2, 1996) ("the Immigration and Naturalization Service is properly in possession of petitioner's passport pending his exclusion proceedings.").  Thus, the Court will not order respondents to return petitioner's passport to him.

## III.  CONCLUSION

Therefore, it is

**ORDERED** that Petitioner's Motion to Remove Conditions of Release that are Inconsistent with this Court's Order and the Immigration Judge's Bond Order [Docket No. 23] is **DENIED**.  It is further

**ORDERED** that this case is closed.

DATED July 17, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

5